Case 7:22-cv-00634-JPJ-PMS   Document 15   Filed 08/31/23   Page 1 of 7   Pageid#: 110

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GREGORY W. FLACK,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:22CV00634 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **BOP WARDEN J. C. STREEVAL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Gregory W. Flack, Pro Se Petitioner; Krista C. Frith, Assistant United States Attorney,* OFFICE OF THE UNITED STATES ATTORNEY, *Roanoke, Virginia, for Respondent.*

Gregory W. Flack, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] Flack contends that the Federal Bureau of Prisons (BOP) has failed to credit him with pretrial jail time served. After review of the record, I will grant the respondent's Motion for Summary Judgment.

I. BACKGROUND.

On May 31, 2017, Flack was arrested by state authorities in Louisville, Kentucky, for enhanced trafficking in a controlled substance and several additional

---

[1] The record indicates that when Flack filed his § 2241 petition, he was incarcerated at the United States Penitentiary Lee County, located within this judicial district.

charges.[2]  These criminal charges were pending for several months in Jefferson County, Kentucky, Circuit Court in Louisville, No. 17-CR002388.  At the time of his arrest, Flack was also serving a probation term imposed in a previous Jefferson County case, No. 15-CR-001351.

On October 5, 2017, while Flack was still in state custody, Jefferson County Circuit Court revoked his probation and imposed a five-year sentence of imprisonment in No. 15-CR-001351.  Mem. Supp. Mot. Summ. J. Ex. 1, Hodge Decl. ¶ 7, ECF No. 5-1.  The Kentucky State Department of Correction applied prior custody credit towards Flack's revocation sentence from January 27, 2015, through August 2, 2015 — the prison time he had already served on the initial criminal sentence imposed in No. 15-CR-001351 — and from May 31, 2017, through October 4, 2017 — the time he served while the revocation case was pending.  *Id*. ¶¶ 9–10.  The new 2017 Jefferson County charges were ultimately dismissed on December 11, 2017.  Flack remained in state custody thereafter, serving the remainder of the five-year revocation sentence imposed in No. 15-CR-001351.

On June 6, 2017, while revocation proceedings were pending in state court, federal authorities brought a one-count criminal Complaint against Flack in the

---

[2]  The undisputed background facts summarized here I have gleaned from the Petition, the respondent's motion, and their attachments.  I have also reviewed online the transcripts from the plea and sentencing hearings in Flack's related federal case, *United States v. Flack*, No. 3:17-CR-137 (W.D. Ky.).

United States District Court for the Western District of Kentucky alleging possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Flack*, No. 3:17-CR-137-CRS (W.D. Ky.). On October 18, 2017, a federal grand jury returned a one-count Indictment against Flack charging him for possession of a firearm by a convicted felon.

On March 1, 2019, Flack was discharged from the five-year state court revocation sentence in No. 15-CR-001351 and was taken into custody by the United States Marshals Service (USMS) based on the pending federal charge. Hodge, Decl. ¶ 13, ECF No. 5-1. On August 23, 2019, Flack pleaded guilty to the one-count Indictment pursuant to a written Plea Agreement. Under its terms, in exchange for his plea, Flack would receive a sentence of 78 months in prison. On December 4, 2019, the District Court accepted the Rule 11(c)(1)(C) Plea Agreement and sentenced Flack to 78 months in prison. The sentencing court noted that the prison term was below the applicable guidelines range of 84 to 105 months' incarceration and asked counsel to explain the variance. Among other things, counsel stated that Flack had already completed a state revocation sentence related to the conduct underlying the federal conviction.

A BOP sentence computation for Flack's 78-month term of imprisonment dated November 18, 2022, shows that Flack's sentence commenced on December 4, 2019. Hodge Decl. Attach. F, ECF No. 5-7. BOP staff applied prior custody credit

against the federal sentence from March 2, 2019 (the day he entered USMS custody) through December 3, 2019, (the day before his federal sentence was imposed). *Id.* Flack's projected release date is November 7, 2024, with consideration for good conduct time.

Flack filed his § 2241 petition in October 2022. He argues that he should receive credit against his federal sentence for 195 days of prior custody served from May 31 to December 11, 2017 — from the date of his arrest until the date when the state court dismissed the resulting charges.[3] The respondent has filed a Motion for Summary Judgment, and Flack has responded, making the motion ripe for consideration.

## II. DISCUSSION.

Prior custody credit against a federal criminal sentence is governed by 18 U.S.C. § 3585(b). This section provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

---

[3] Flack's exhibits indicate that at one point, the BOP did apply credit against his federal sentence for the period between May 31 to December 11, 2017. For reasons explained herein, the BOP had no statutory support for applying this credit, however, and later rescinded it.

18 U.S.C. § 3585(b) (emphasis added).  In short, a defendant cannot "receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Under § 3585(b), Flack is not entitled to the prior custody credit that he seeks. It is undisputed that Flack received credit against the state court revocation sentence imposed in No. 15-CR-001351 for time he served from May 31 to December 11, 2017.  Counting that credit and later months he served, Kentucky state authorities determined the revocation sentence in No. 15-CR-001351to be completed as of March 1, 2019, when they released Flack to the custody of the USMS for proceedings on his federal Indictment.  Because Flack received credit from May 31 to December 11, 2017, against his state revocation sentence, he is ineligible under § 3585(b) to receive credit for that same time against the later-imposed federal sentence.

Under limited circumstances, the BOP can calculate an inmate's federal sentence as commencing before he was taken into federal custody, by designating a state prison facility for service of the federal sentence.  18 U.S.C. § 3621(b).  Under 18 U.S.C. § 3584(a), "If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."  *Setser v. United States*, 566 U.S. 231, 236–39

(2012) (holding that § 3584(a) allows federal judges to impose a federal sentence concurrently or consecutively to an anticipated but unimposed state sentence). Because Flack had already completed his state revocation sentence by the time the federal court sentenced him, however, the federal court had no authority to adjust the federal term of confinement under § 3584(a) by making the federal and state sentences concurrent. And for the same reason, the BOP could not grant him an earlier commencement date on his federal sentence under § 3621(b).

In response to the summary judgment motion, Flack argues that the dispensation of his prior custody credits is inconsistent with evidence of the federal sentencing judge's intentions. He asserts that the court conducted "a partial hearing where it demonstrated its full intention was for Mr. Flack to be credited with detention jail credits beginning" with his date of arrest in 2017. Resp. Opp'n 2, ECF No. 13. Flack states that the judge ordered a revision to the Presentence Investigation Report (PSR) "so that the Jail credit's [sic] would be attached and credited toward the Federal Sentence." *Id.*

I find no support in the record for Flack's interpretation of the sentencing judge's intention. In fact, the sentencing transcript and the Judgment support the opposite view — that the sentencing judge accepted Flack's Rule 11(c)(1)(C) Plea Agreement and applied a variance below the guidelines range to impose a sentence of 78 months because Flack had already completed the state revocation sentence that

had resulted from the same conduct as the federal conviction.  Sent. Hr'g Tr. 4:21–5:10, ECF No. 35, No. 3:17-CR-137 (W.D. Ky. Dec. 4, 2019).

Finally, Flack also asserts that he should receive sentence credit for prior custody under the United States Sentencing Guidelines Manual § 5G1.3(b) or § 5K2.23.  These provisions permit a sentencing judge to adjust a federal sentence at the time of sentencing, based on information about related state court sentences, pending or anticipated.  These sections do not authorize habeas relief under § 2241.

### III.  CONCLUSION.

For the reasons stated, I will grant the respondent's motion and dismiss the § 2241 petition with prejudice.

A separate Final Order will be entered herewith.

DATED:   August 31, 2023

/s/  JAMES P. JONES
Senior United States District Judge